Davis, J.
The claim of Cover that he has the right to be inducted into the office of sheriff of Clermont county, has no foundation. Whether Buvinger, the deceased candidate was elected or not, Cover was not elected. No process of valid réasoning can make 3802 votes to be more than 4369 votes. Not merely a plurality, but a majority, of all the votes cast for sheriff on that election day, were cast against Cover; *159 and it does not avail him. that the majority of votes was cast, in good faith, for a man who had died during the election. The majority was not for Cover, and that is all he can make of it. The election may fail altogether by reason of the death of the person receiving the largest number of votes cast, or by reason of ineligibility of the successful candidate, or by reason of irregularities, but that could not elect a man who in fact has received a smaller number of votes than his opponent.
We will not attempt to follow and discuss all the • refinements of reasoning in which counsel indulge on this subject; but it is worthy of note that it is not made manifest to us that a single vote was cast after Buvinger’s death. It is true that the argument is that the death of the candidate, one hour and three-quarters before the close of the election, made a vacancy on the ticket; and that the case is one in which the law will not regard a fractional part of a day; and that if there was a vacancy on the ticket for part of the day, it was a vacancy for the whole day; and therefore that none of the 4369 votes cast for Buvinger were cast for a living person. We have already answered that argument; but it may be added that if it is just reasoning that there was a vacancy on the ticket for the whole day because there was a vacancy for one hour and three-quarters, it is equally fair to maintain that there was no vacancy at all on the ticket, during that whole day, because there was no vacancy on the ticket during ten hours and one-quarter of the day.
But this case is not to be decided upon reasoning of the kind just mentioned. In the view which we take of this case, it is immaterial whether Buvinger was elected at that election or not. He did not live to qualify and that disposed of his future term. He was already an incumbent of the office, at the time of his death, and that event created a vacancy in his term of office which would expire on the first *160 Monday in January, 1900. Walker was, it is conceded, duly appointed, commissioned, qualified and inducted into the office of sheriff of Clermont county, for the unexpired term of Buvinger. This much, was done under and by virtue of section 1208 of the Revised Statutes; but section 11 of the Revised Statutes read into his commission the words: “Until his successor is elected and qualified!’ Speidel was appointed, and not elected, and is a mere intruder in the office. Walker is still the legal sheriff and will continue so to be “until his successor is elected and qualified, and such successor shall be elected at the first proper election that is held more than thirty days after the occurrence of the vacancy.” Revised Statutes, sec. 11.
In order that we may not be misunderstood, it may be added that there was no vacancy in the office of sheriff of Clermont county on the first Monday in January, 1900. The death of Buvinger did not create a vacancy in his term which would have begun in January, 1900, assuming that he was duly elected, because he did not live to be installed in his second term. State ex rel. v. Dahl et al., 55 Ohio St., 195. Walker was the incumbent at the time when that term would have begun had Buvinger lived, with the right to remain until his successor was elected and qualified. There could be no vacancy then, unless Walker should die, resign, or be lawfully removed for cause. State ex rel. v. Wright, 56 Ohio St., 540. Therefore, the county commissioners, in appointing Speidel, acted altogether without authority; and Speidel can have no right to act as sheriff.

Judgment dismissing the petition as to Cover, judgment of ouster as to Speidel and an order of induction as to William R. Wallcer.

Minshall, J., dissents from induction of Walker and ouster of Speidel.